**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4565**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BON ALEXANDER STROUPE,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:05-cr-00221-RLV-DCK-2)

Submitted:  February 7, 2019                Decided:  February 13, 2019

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed in part and vacated in part by unpublished per curiam opinion.

Joshua B. Carpenter, Appellate Chief, Asheville, North Carolina, Caryn Devins Strickland, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bon Alexander Stroupe appeals from the revocation of his supervised release and the resulting 14-month sentence. Stroupe argues that his release should not have been revoked because his violations were not willful or knowing, that the case must be remanded for resentencing because he was not provided an opportunity to allocute, and that the sentence is otherwise procedurally and substantively unreasonable. For the reasons that follow, we affirm the revocation of supervised release but vacate the sentence and remand for resentencing.

We review the district court's revocation of supervised release for abuse of discretion, and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). We will only reverse for clear error if "left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted). To revoke supervised release, a district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012).

Here, Stroupe was cited for supervised release violations after his arrest for being a felon in possession of a firearm. Stroupe argues that the violations were not committed willfully or knowingly because he suffers from delusional disorder which caused him to believe he and his family were under attack. Dr. Katayoun Tabrizi, an expert in forensic psychiatry, testified that Stroupe was sincere in his delusions and only picked up the gun in an attempt to protect himself and his family. The district court rejected as

2

"speculative" the theory that Stroupe's only motivation was self-defense and determined that Stroupe could have been motivated by many things, including frustration at his circumstances. We conclude that the district court's factual findings are not clearly erroneous and that the district court did not abuse its discretion in revoking Stroupe's supervised release after finding by a preponderance of the evidence that Stroupe knowingly violated two supervised release conditions.

We now turn to Stroupe's sentence. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In doing so, we generally apply "the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (alteration and internal quotation marks omitted). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable must we consider whether it is plainly so. *Id.* at 208.

The Government concedes that the case should be remanded for resentencing because Stroupe was not provided an opportunity to allocute. *See* Fed. R. Crim. P. 32.1(b)(2)(E). We agree that, although the issue is subject to plain error review, remand is required because Stroupe "may have been able to persuade the court" to reduce his

3

sentence. *See United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007) (internal quotation marks omitted).

Stroupe requests that this court also instruct the district court to correct other alleged sentencing errors, including that the district court failed to consider Stroupe's arguments in favor of mitigation, the district court focused too heavily on the conduct underlying the violation rather than on Stroupe's breach of trust, and the district court used imprisonment as a means to provide Stroupe with mental health treatment. After a review of the record, we conclude that, other than the district court's failure to provide an opportunity for Stroupe to address the court, Stroupe's sentence is procedurally sound. Because we are vacating and remanding on procedural grounds, we decline to review the sentence's substantive reasonableness.

Accordingly, we vacate Stroupe's sentence and remand for resentencing to provide Stroupe an opportunity to allocute. In light of Stroupe's scheduled release date and the Government's concession that a remand is required, we grant Stroupe's unopposed motion to expedite the decision and direct the Clerk's Office to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART*